UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cr-20545

UNITED STATES OF AMERICA,

vs.

GUSTAVO J. GIRAL,

Defendant.
_____/

PLEA AGREEMENT

Any reference to the United States or the Government in this agreement shall mean the Fraud Section, Criminal Division, United States Department of Justice.  Under Federal Rule of Criminal Procedure 11, the Government, GUSTAVO J. GIRAL (hereinafter referred to as the "Defendant"), and the Defendant's counsel enter into the following guilty plea agreement:

1.      The Defendant agrees to plead guilty to three counts in the Indictment as follows: Count 1 charging him with Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Section 1349; Count 2 charging him with Wire Fraud in violation of Title 18, United States Code, Section 1343; and Count 9 charging him with Conspiracy to Commit Money Laundering in violation of Title 18, United States Code, Section 1956(h).

2.      The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").  The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be

1

determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered.  The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.  The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence.  Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3.     The defendant understands that the maximum sentences that can be imposed for the violations charged in the Indictment are: Count 1 - up to twenty (20) years' imprisonment, a fine of not more than $250,000 or twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d) and three (3) years' supervised release; Count 2 -  up to twenty (20) years' imprisonment, a fine of not more than $250,000 or twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d) and three (3) years' supervised release; and Count 9 – up to twenty (20) years' imprisonment, a fine of not more than $500,000 and three (3) years' supervised release. Furthermore, with respect to Counts One and Two, the defendant understands and acknowledges

that the court must order restitution pursuant to Title 18, United States Code, Section 3663A. The defendant agrees to pay restitution of $11,503,068.

4.      The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 per count ($300 total) will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid by the time of sentencing.

5.      The United States reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, and the defendant. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

6.      The United States, although not binding on the probation office or the court, will recommend that the court impose a sentence within the advisory sentencing guideline range produced by application of the Sentencing Guidelines. The defendant retains his right to argue for a variance from the Sentencing Guidelines under 18 U.S.C. § 3553.

7.      Although not binding on the probation office or the court, the United States will recommend that the court neither depart upward nor depart downward under the Sentencing Guidelines when determining the advisory sentencing guideline range in this case.

8.      The Government reserves the right to evaluate the nature and extent of the defendant's cooperation and to make his cooperation, or lack thereof, known to the Court at the

time of sentencing. If in the sole and unreviewable judgment of the Government, the Defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the sentence required by the Sentencing Guidelines, the Government, at or before sentencing, may make a motion pursuant to Section 5K1.1 of the Guidelines and Title 18, United States Code, Section 3553(e) or after sentencing, pursuant to Rule 35 of the Federal Rules of Criminal Procedure, reflecting that the Defendant has provided substantial assistance and recommending a sentence reduction. The Defendant acknowledges and agrees, however, that nothing in this Plea Agreement may be construed to require the Government to file such a motion and that the Government's assessment of the nature, value, truthfulness, completeness, and accuracy of the Defendant's cooperation shall be binding on the Defendant. Further, the Defendant acknowledges and agrees that he may not withdraw his plea of guilty if the Government does not file a motion pursuant to Section 5K1.1 of the Guidelines and Title 18, United States Code, Section 3553(e) or pursuant to Rule 35 of the Federal Rules of Criminal Procedure.

9.      The Defendant understands and acknowledges that the Court is under no obligation to grant a Government motion pursuant to Section 5K1.1 of the Guidelines and Title 18, United States Code, Section 3553(e) or pursuant to Rule 35 of the Federal Rules of Criminal Procedure, as referred to in paragraph 9 of this Plea Agreement, should the Government exercise its discretion to file such a motion.

10.     The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility.  If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.  The United States, however, will not be required to make these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official; or (4) fails or refuses to make a full, accurate and complete disclosure to the probation office and to the government regarding his personal and financial condition, including completing all financial disclosure forms provided by the government or the probation office and providing all records concerning his financial condition.

11.     The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions utilizing the November 2015 Sentencing Guidelines as to the sentence to be imposed:

| | | | |
|---|---|---|---|
| (i) | [U.S.S.G. § 2B1.1(a)(1)] Base Offense Level: | | + 7 |
| | SPECIFIC CHARACTERISTICS: | | |
| (ii) | [U.S.S.G. § Loss § 2B1.1(b)(1)(K)]<br>(More than $9,500,000 but less than $25,000,000) | | + 20 |
| (iii) | [U.S.S.G § 2B1.1(b)(10)(C)]<br>(Sophisticated means) | | + 2 |
| (iv) | [U.S.S.G. § 2B1.2(b)]<br>(Minor roll in the offense) | | - 2 |
| | MONEY LAUNDERING | | |
| (v) | [U.S.S.G. § 2S1.1(b)(2)(B)]<br>(18 U.S.C. § 1956 Money laundering conviction) | | + 2 |
| | TOTAL (without acceptance adjustment) | | 29 |

12.     The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court.  The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this

agreement or otherwise, is not binding on the court and the court may disregard the

recommendation in its entirety. The defendant understands and acknowledges, as previously

acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the

court's decision not to accept a sentencing recommendation made by the defendant, the

government, or a recommendation made jointly by both the defendant and the government.

13.     The defendant is aware that Title 18, United States Code, Section 3742 affords the

defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange

for the undertakings made by the government in this plea agreement, the defendant hereby waives

all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution

order, or to appeal the manner in which the sentence was imposed, or to collaterally attack the

conviction, any sentence imposed, or the manner in which sentence was imposed, including any

restitution order, pursuant to Title 28, United States Code, Sections 2241, 2254, 2255 or any other

applicable provision, unless the sentence exceeds the maximum permitted by statute or is the

result of an upward departure from the Guideline range that the Court establishes at sentencing

provided, however, that, consistent with principles of professional responsibility imposed on the

Defendant's counsel and counsel for the Government, the Defendant does not waive the right to

challenge the sentence to the extent that it is the result of a violation of the Defendant's

Constitutional rights based on claims of ineffective assistance of counsel or prosecutorial

misconduct of Constitutional dimension. The defendant further understands that nothing in this

plea agreement shall affect the government's right and/or duty to appeal as set forth in Title 18,

United States Code, Section 3742(b). However, if the government appeals the defendant's

7

sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of

appellate rights.  By signing this plea agreement, the defendant acknowledges that he has

discussed the appeal and collateral attack waiver set forth in this plea agreement with defendant's

attorney.  The defendant further agrees, together with the government, to request that the Court

enter a specific finding that the defendant's waiver of the right to appeal the sentence to be

imposed in this case was knowing and voluntary.

14.     In the event the defendant withdraws from this agreement prior to pleading guilty

to the charges identified in paragraph 1 above or otherwise fails to fully comply with any of the

terms of this plea agreement, the United States will be released from its obligations under this

agreement, and the defendant agrees and understands that: (1) he thereby waives any protection

afforded by Section 1B1.8(a) of the Sentencing Guidelines, Rule 11(f) of the Federal Rules of

Criminal Procedure, and Rule 410 of the Federal Rules of Evidence, and that any statements made

by him as part of plea discussions, any debriefings or interviews, whether made prior to or after

the execution of this agreement, will be admissible against him without any limitation in any civil

or criminal proceeding; and (2) the defendant stipulates to the admissibility and authenticity, in

any case brought by the United States in any way related to the offenses charged, of any

documents provided by the defendant or his representatives to: the Office of Inspector General,

Office of Investigations, Export-Import Bank of the United States; the Internal Revenue Service –

Criminal Investigation; the Department of Homeland Security – Homeland Security

Investigations; the Federal Bureau of Investigation; and/or the government.

15.     The United States represents that the undersigned prosecutor is unaware of any information establishing the factual innocence of the defendant in the offense referred to in paragraph one of this agreement.  The United States understands that it has a continuing duty to provide such information establishing factual innocence of the defendant.  The defendant understands that if this case proceeded to trial, the government would be required to provide impeachment information relating to any informants or other witnesses.  In addition, if the defendant raised an affirmative defense, the government would be required to provide information in its possession that supports such a defense.  Further, if this case proceeded to trial, the government would be required to provide other information and materials in accordance with Fed. R. Crim. P. 16 and the Southern District of Florida's Standing Discovery Order.  In return for the government's promises set forth in this agreement, the defendant waives the right to receive in discovery any such information and materials other than information and materials establishing the factual innocence of the defendant, and agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of such information and materials other than information and materials establishing the factual innocence of the defendant.

16.     The United States agrees that it will not seek additional upward specific offense characteristics, enhancements, or upward departures to or from the defendant's offense level beyond those, if any, specifically referred to in this agreement, except that the government shall have the right in its discretion to seek additional upward specific offense characteristics, enhancements, or upward departures to or from the defendant's offense level beyond those, if any, specifically referred to in this agreement where any such additional upward specific offense

9

characteristics, enhancements, or upward departures to or from the defendant's offense level would be based on conduct occurring after the defendant enters into this agreement. The defendant agrees that he will not seek additional downward specific offense characteristics, reductions, or downward departures to or from the defendant's offense level beyond those, if any, specifically referred to in this agreement. However, in the event the probation office recommends any specific offense characteristics, enhancements, reductions, or departures to or from the defendant's offense level other than those, if any, specifically referred to in this agreement, either party shall have the right but not the obligation to oppose any such recommendation.

17.     Counsel for the defendant agrees that if an interpreter is required to assist the defendant in translating this Plea Agreement into defendant's native language, then counsel will request the Court, pursuant to 28 U.S.C. § 1827, "The Court Interpreter's Act," to secure the services of a certified interpreter at Court expense to verbally translate the Plea Agreement and related documents for the defendant into the defendant's native language. If no such request is made, then the defendant and counsel hereby declare that the defendant understands the English language sufficiently well to read and understand this Plea Agreement.

18.     The defendant agrees to identify all assets over which he exercises or exercised control, directly or indirectly, within the past three years, or in which he has or had during that time any financial interest. The defendant agrees to take all steps as requested by the government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to forfeit to the United States all of his interests in any asset of a value of more than $1,000 that, within the last three years, he owned, or in which he

maintained an interest, the ownership of which the defendant fails to disclose to the government in accordance with this Plea Agreement.

19.     The defendant voluntarily agrees to the Court's entry of a forfeiture order in the amount of $41,924,418.  The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and the defendant waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time the defendant's guilty plea is accepted.

20.     The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.  The defendant agrees to take all steps as requested by the government to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.  The defendant acknowledges that all property covered by this Plea Agreement is subject to forfeiture as (1) proceeds of illegal conduct; (2) property facilitating illegal conduct; (3) property involved in illegal conduct giving rise to forfeiture; and/or (4) substitute assets for property otherwise subject to forfeiture.

11

21.     Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offenses to which defendant is pleading guilty. Indeed, because defendant is pleading guilty to fraud charges, removal is presumptively mandatory.  Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

22.     This is the entire agreement and understanding between the United States, the defendant and the defendant's counsel.  There are no other agreements, promises, representations, or understandings.

ANDREW WEISSMANN
Chief Fraud Section
Criminal Division
United States Department of Justice

Approved by:

BENJAMIN D. SINGER
Deputy Chief
Fraud Section, Criminal Division
United States Department of Justice

12

Date: 2/26/16

By: _____
WILLIAM H. BOWNE
Trial Attorney
Florida Bar # A5501472
PATRICK M. DONLEY
Senior Litigation Counsel
Florida Bar # A5501108
Fraud Section, Criminal Division
United States Department of Justice

Date: 2/26/16

By: _____
DANIEL ECARIUS, Esq.
Attorney for Defendant

Date: 2/26/16

By: _____
GUSTAVO J. GIRAL
Defendant

13