IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No.: 15-cr-20545-JAL |
| | : | |
| ISABEL SANCHEZ | : | |
| _____/ | | |

**DEFENDANT SANCHEZ' SENTENCING MEMORANDUM**

DEFENDANT, ISABEL SANCHEZ, through counsel, respectfully submits this memorandum in aid of her sentencing and states:

The terms of Mrs. Sanchez' Plea Agreement foreclose her from requesting that she be sentenced outside the Guideline range that the Court deems applicable, but for a reduction for substantial assistance. However, as the terms of Mrs. Sanchez' Plea Agreement are not binding on the Court, Mrs. Sanchez, through counsel, respectfully directs the Court's attention to a peculiar dynamic which overshadows her malfeasance, and which may inform the Court's opinion as to the appropriate sentence in her case.

One of the principle responsibilities of a parent is to teach his/her children right from wrong, instill values of good citizenship and properly calibrate their moral compasses. It is true that not every parent is of sound character and not every parent sets a good example by his/her own conduct. But it is rare when a child's primary corrupting influence is her own parent, and even more so when such corruption not only takes the form of poor instruction, but includes enlisting one's own child into engaging in criminal conduct for the ostensible purpose of supporting her family. That is what occurred in this case.

As indicated by the accompanying letter from her treating therapist, Silvia M. Kaminsky, as the oldest of her siblings, Mrs. Sanchez was saddled with the responsibilities of an adult within her family structure at a very young age. She was then sent off to college by her father to learn accounting, with the undisclosed purpose of later using her as an agent for his criminal enterprises. Mrs. Sanchez was emotionally coerced and guilted by her father into committing crimes in order to preserve the solvency of the family businesses. She was first made to cut small corners and eventually lured into knowingly helping him to execute a large and every-growing fraud.

Meanwhile, notwithstanding that she is and adult and thus responsible for the choices she made, Mrs. Sanchez was particularly susceptible to her father's manipulation, not only because she looked up to, loves and respected her father, but also because she is bipolar. The adverse consequences for Mrs. Sanchez, set in motion by the manipulation of a vulnerable child by an indifferent and self-centered parent, go beyond the impending loss of her liberty, alienation from her young children and decimation of her family, finances and professional future. Prior to being charged, the mounting and persistent pressure from her father to continue and cover up their malfeasance, even as the threat of prosecution loomed, all culminated in so unbearable a psychological burden that she suffered a psychotic break and had to be committed.

Mrs. Sanchez' therapist further describes how she thereafter set out on a voluntary, personal journey of psychological, emotional and moral convalescence, during which she accepted full responsibility for her criminal actions and cut ties from her father's criminal enterprises. Though such contrition and separation from criminal conduct does not absolve Mrs. Sanchez of her criminal behavior, it inures to her credit and evidences that her rehabilitation is well underway.

This unfortunate confluence of circumstances which helped to chart the course of Mrs. Sanchez's life: her and psychological and emotional fragility; the powerful and corrupting influence

of her father; and the passivity of her mother in the face thereof, all combine to take her case outside the heartland of cases contemplated by the Sentencing Commission in formulating the Guidelines.

Ms Kaminsky's letter more clearly and poignantly explains the real causal effect of Mrs. Sanchez' family circumstances and psychiatric infirmity.

WHEREFORE, Mrs. Sanchez respectfully submits this further information for the Court's consideration during sentencing.

Respectfully submitted,

*David A. Howard*
David A. Howard, Esq.
25 SE 2nd Ave., Suite 1100
Miami, FL 33131
Tel. (786) 360-6056
Email: david@davidhowardlaw.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon all parties of record *via* the Court's CM/ECF electronic filing system on this 6th day of May, 2016.

*David A. Howard*
David A. Howard, Esq.